■ In the Matter of the Arbitration between KAREN E. RYAN, an Infant, by ELIZABETH T. RYAN, Her Parent, et al., Respondents, and COUNTRY-WIDE INSURANCE COMPANY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered October 4, 1976 in Albany County, which denied a motion for an order permanently staying the arbitration between

the parties and vacating the notice of intention to arbitrate served by the petitioners. On August 11, 1972, Karen Ryan was injured as the result of a collision between a motorcycle upon which she was riding, and a vehicle owned by Ernest Sheppard and driven by Julius Bell. The motorcycle was covered by an automobile liability insurance policy which had been issued by appellant to Kenneth Kantor, the owner of the motorcycle, who was driving it at the time of the accident. In November, 1972, Elizabeth Ryan, on behalf of her infant daughter, Karen Ryan, served upon appellant a notice of intention to make claim upon the basis that the vehicle owned by Sheppard was uninsured. Rather than pursuing this claim, however, Elizabeth Ryan, individually and on behalf of her infant daughter, then commenced an action in Supreme Court, Albany County, against Sheppard, Bell and Kantor. The action came to trial in 1976 and, following petitioners' opening statement, a motion made by petitioners to discontinue the action as against Sheppard and Bell was granted. At that time a motion by Kantor was also granted dismissing the complaint as to him on the ground that no cause of action was stated against him. Thereafter, in May, 1976, petitioners requested arbitration pursuant to the New York Automobile Accident Indemnification Endorsement attached to the policy issued by appellant to Kantor. Appellant moved to permanently stay the arbitration and this appeal is from the order denying that motion. The court at Special Term subsequently granted appellant leave to renew their motion, but then adhered to the original decision. This second order which again denied appellant's motion for an order permanently staying arbitration and vacating the notice of intention to arbitrate is dated May 24, 1977 and has been reviewed by this court pursuant to CPLR 5517. On this appeal, it is argued by appellant that by pursuing this civil action in Supreme Court for over three years, petitioners have waived their right to arbitration. With this contention we must agree. In their notice of intention to make claim served upon appellants in November, 1972, petitioners stated as their reason for their application that Sheppard's vehicle was uninsured. Having knowledge of the involvement of this uninsured vehicle petitioners chose to continue for over three years to prosecute an action against Kantor, Sheppard and Bell. Such conduct, in our view, indicates an intention to waive arbitration and proceed by action. Considering this course of conduct by petitioners and after examining the entire record, we are of the opinion that petitioners must be held to have waived their right to arbitration as a matter of law *(Matter of McGorman [MVAIC]*, 29 AD2d 528). Both the order entered in Albany County October 4, 1976 and the order dated May 24, 1977 must be reversed. Orders reversed, on the law and the facts; motion to permanently stay arbitration and to vacate the notice of intention to arbitrate granted, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur.